

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RECEIVED
JAN 28 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ARNOLD PEOPLES and JHALIA PEOPLES, )
by her father and next friend, ARNOLD PEOPLES, )
)
Plaintiffs, )
)
vs. )
)
OSWEGO COMMUNITY SCHOOL DISTRICT, )
DINAH MEYERS, TIFFANI SIMMONS, )
CHRISTINE NELSON, IMARA NEGRON, )
ALEX GONZALEZ, and ILLINOIS )
DEPARTMENT OF CHILDREN AND FAMILY. )
SERVICES, )
)
Defendants. )

1:19-cv-00568
Judge Edmond E. Chang
Magistrate Judge Young B. Kim

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs ARNOLD PEOPLES and JHALIA PEOPLES, by her father and next friend, ARNOLD PEOPLES, complain *pro se* against the Defendants as follows:

### Jurisdiciton and Venue

This court has jurisdiction over this matter pursuant to 28 USC 1331, 42 USC 1983, 42 USC 1988, supplemental jurisdiction over State Claims pursuant to 42 USC 1367(a) and the Fourth Amendment to the United States Constitution.

### Parties

1. Plaintiff ARNOLD PEOPLES is a resident of Kendall County, Illinois and the Northern District of Illinois. He is the father and sole custodial parent of Plaintiff JHALIA PEOPLES and her older brother, Jabari Peoples.

2. JHALIA PEOPLES is a resident of Kendall County, Illinois and the Northern District of Illinois. She is, at the age of nine, the minor child of Plaintiff ARNOLD PEOPLES and brings this Complaint through Plaintiff ARNOLD PEOPLES, as her parent and next friend. At all times relevant to the Complaint she was duly enrolled in Defendant DISTRICT'S Long Beach Elementary School.

3. Defendant OSWEGO COMMUNITY SCHOOL DISTRICT ("DISTRICT") was created and is controlled by popular election pursuant to 105 ILCS 545/1. Long Beach Elementary is a school created by and under the control of Defendant DISTRICT.

4. The ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES is an administrative agency of the STATE OF ILLINOIS.

5. Defendant DINAH MEYERS was at times relevant employed by Defendant DISTRICT as a school nurse assigned to Long Beach Elementary School. This Defendant is complained of in her individual capacity.

6. Defendant TIFFANI SIMMONS was at all times relevant employed by Defendant DISTRICT as teacher assigned to the Long Beach Elementary School. This Defendant is complained of in her individual capacity.

7. Defendant CHRISTINE NELSON was at all times relevant employed by Defendant DISTRICT as a social worker assigned to the Long Beach Elementary School. This Defendant is complained of in her individual capacity.

8. Defendant IMARA NEGRON was at all times relevant employed by the Illinois Department of Children and Family Services as a Child Protection Investigator/Specialist. This Defendant is complained of in her individual capacity.

9. Defendant ALEX GONZALEZ was at all time relevant employed by the Defendant DISTRICT as an Assistant Principal assigned to the Long Beach Elementary School. This Defendant is complained of in his individual capacity.

## Facts

10. From on or about March 13, 2017 through shortly before the filing of this Complaint, Plaintiff ARNOLD PEOPLES emailed to, telephoned and met with the principal and others employed by the Defendant OWSEGO SCHOOL DISTRICT his concerns about the bullying, unfair treatment and unequal treatment toward his daughter JHALIA PEOPLES who was then a student at Long Beach Elementary School.

11. On information and belief Plaintiff ARNOLD PEOPLES' communications as alleged above became known to all of the individual DISTRICT-employed Defendants who then determined that Plaintiff ARNOLD PEOPLES was a hindrance and an annoyance to them, lacked what they approved of as parenting skills, and was an unfit parent for Plaintiff JHALIA PEOPLES.

12. On January 29, 2018 Defendants SIMMONS, NELSON and GONZALEZ in concert attempted to terminate even temporarily ARNOLD PEOPLES' custodial relationship with Plaintiff JHALIA PEOPLES by causing a telephone call to be made to DCFS complaining, on hearsay information and without observing any to injury Plaintiff JHALIA PEOPLES, that Plaintiff ARNOLD PEOPLES had struck Plaintiff JHALIA PEOPLES in the mouth.

13. Defendants SIMMONS, NELSON and GONZALEZ received no response from DCFS on January 29, 2018.

14. On January 31, 2018, being disappointed by not having received a response from DCFS, Defendants SIMMONS, NELSON and GONZALEZ in concert and, continuing their attempt to terminate even temporarily Plaintiff ARNOLD PEOPLES' custodial relationship with Plaintiff JHALIA PEOPLES, again called DCFS and communicated falsely to DCFS that, based on hearsay information, Plaintiff ARNOLD PEOPLES had struck Plaintiff JHALIA PEOPLES "thirty times."

15. On January 30, 2018 Defendant NEGRON was directed by DCFS to go to and conduct an investigation at the Long Beach Elementary School where she conferred with Defendants SIMMONS, MEYERS and NELSON.

16. Defendants NEGRON, MEYERS, and GONZALEZ conferred, decided that Plaintiff JHALIA PEOPLES was to be stripped searched and commanded Plaintiff JHALIA PEOPLES to walk into a bathroom with Defendants NEGRON and MEYERS who removed some or all of Plaintiff JHALIA PEOPLES' clothes exposing Plaintiff JHALIA PEOPLES' intimate body areas despite the protestations of Plaintiff JHALIA PEOPLES against being taken into the bathroom and against the removal of her clothing.

17. Before removing Plaintiff JHALIA PEOPLES' clothes the Defendants refrained from contacting Plaintiff ARNOLD PEOPLES although contacting a parent before physically examining a child is required by both DISTRICT and DCFS rules or regulations.

18. Both before and after removing Plaintiff JHALIA PEOPLES' clothes Defendant NEGRON used her personal camera to take photos of Plaintiff JHALIA PEOPLES' disrobed, intimate body areas in violation of DCFS rules and regulations which required her to use only DCFS photographic equipment.

19. Later the same day and after Defendant NEGRON participated in the strip search and photographing of Plaintiff JHALIA PEOPLES, Defendant NEGRON left her business card at the Plaintiff's home. Upon finding the business card, Plaintiff ARNOLD PEOPLES telephoned Defendant NEGRON and at Defendant NEGRON's request, Plaintiff ARNOLD PEOPLES agreed to meet with Defendant NEGRON which meeting occurred on February 2, 2018.

20. On February 1, 2018 Defendant GONZALEZ continued to urge Defendant NEGRON to take "protective custody" of Plaintiff JHALIA PEOPLES which demand Defendant NEGRON refused having determined that Plaintiff JHALIA PEOPLES had not been harmed and was not in danger of being harmed by Plaintiff ARNOLD PEOPLES.

21. The above alleged acts and omissions were committed by the Defendants intentionally, willfully, wantonly and maliciously.

22. The above alleged intentional, willful, wanton and malicious acts and omissions of the Defendants proximately caused and continue to cause severe and extreme emotional and mental distress injury to Plaintiff JHALIA PEOPLES for which injuries she received and continues to receive medical treatment.

23. The above alleged intentional, willful, wanton and malicious acts and omissions of the Defendants and the witnessing the above alleged injuries to and suffering of his daughter have inflicted extreme and severe emotional distress injury upon Plaintiff ARNOLD PEOPLES.

## Claims

### Claim One by JHALIA PEOPLES: 42 USC 1983 (Unreasonable Search And Seizure)

24. - 44. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this Claim One as if said paragraphs were re-alleged fully.

45. The strip search and photographing of Plaintiff JHALIA PEOPLES constitute a violation of the Fourth and Fourteenth Amendments protection against unreasonable searches and seizures .

### Claim Two by JHALIA PEOPLES: 42 USC 1983 (Infringement of Free Speech)

46. - 68. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this Claim Two as if said paragraphs were re-alleged fully.

69. The intentional, willful, wanton and malicious acts and omissions alleged herein were committed in retaliation for Plaintiff ARNOLD PEOPLES' exercise of speech and has placed Plaintiff JHALIA PEOPLES in fear of exercising free speech and petitioning the government which retaliation and infringement of speech violate the First and Fourteenth Amendments.

### Claim Three by JHALIA PEOPLES: Illinois Common Law Tort of Intentional Infliction of Emotional Distress

70. - 92. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this Claim Three as if said paragraphs were re-alleged fully.

93. The Defendants' conduct was extreme and outrageous.

94. The Defendants intended to cause or recklessly or consciously disregarded the probability of causing emotional distress.

### Claim Four by JHALIA PEOPLES: Illinois Common Law Tort of Invasion Of Privacy—Intrusion Of Seclusion

95. - 117. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this her Claim Four as if said paragraphs were re-alleged fully.

118. The Defendants' conduct of strip searching Plaintiff, observing her disrobed intimate body areas, and photographing her disrobed intimate body areas constituted an intrusion into Plaintiff's seclusion.

### Claim Five by JHALIA PEOPLES: Illinois Common Law Tort of Battery—Insulting or Provoking Touching

119. - 141. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this her Claim Five as if said paragraphs were re-alleged fully.

142. The Defendants made physical contact of an insulting or provoking nature with Plaintiff.

### Claim Six by JHALIA PEOPLES: Illinois Common Law Tort of False Imprisonment

143. - 165. Plaintiff JHALIA PEOPLES re-alleges paragraphs one (1) through twenty-two (22) in this her Claim Five as if said paragraphs were re-alleged fully.

166. The Respondent-agents retained Plaintiff without reasonable grounds to believe Plaintiff committed any offense.

### Claim Seven by ARNOLD PEOPLES: 42 USC 1983 (Infringement of Free Speech)

167. - 199. Plaintiff ARNOLD PEOPLES re-alleges paragraphs one (1) through twenty-one (21) and paragraph twenty-three (23) in this his Claim One as if said paragraphs were re-alleged fully.

200. The intentional, willful, wanton and malicious acts and omissions alleged herein were committed in retaliation for Plaintiff ARNOLD PEOPLES' exercise of speech and has

placed Plaintiff ARNOLD PEOPLES in fear of exercising free speech and petitioning the government which retaliation and infringement of speech violate the Illinois Constitution Article One, Sections 4 and 5.

### Claim Eight by ARNOLD PEOPLES: Illinois Common Law Tort of Intentional Infliction of Emotional Distress

201. - 222. Plaintiff ARNOLD PEOPLES re-alleges paragraphs one (1) through twenty-one (21) and paragraph twenty-three (23) in this his Claim Two as if said paragraphs were re-alleged fully.

223. The Defendants' conduct was extreme and outrageous.

224. The Defendant's intended to cause or recklessly or consciously disregarded the probability of causing emotional distress.

225. ACCORDINGLY, (A) each Plaintiff requests trial by jury, compensatory damages, punitive damages, costs, and attorney fees from all Defendants excepting DCFS; and (B) Plaintiff JHALIA PEOPLES requests a mandatory injunction requiring Defendants DCFS and DISTRICT to hand over to her all photographs of her and to pay her attorney fees and costs.

_____ Pro Se
ARNOLD PEOPLES
806 S. Sparkle Court
Oswego, IL 60543
Tel. 202-651-1884.  email: arnold.peoples@yahoo.com

_____ Pro Se
JHALIA PEOPLES
by her father and next friend, ARNOLD PEOPLES
806 S. Sparkle Court
Oswego, IL 60543
Tel. 202-651-1884   email: arnold.peoples@yahoo.com