UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD PEOPLES and J.P., by her father and next friend, ARNOLD PEOPLES, <br><br> Plaintiff, <br><br> vs. <br><br> OSWEGO COMMUNITY SCHOOL DISTRICT, DINAH MEYERS, TIFFANI SIMMONS, CHRISTINE NELSON, AND ALEX GONZALEZ. <br><br> Defendant. | No: I:19 –cv– 00568 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Young B. Kim |

## RESPONSE FROM NON-PARTY SUBPOENA RESPONDENTS BRENDA KARALES, KENDALL COUNTY STATE'S ATTORNEY, AND KENDALL COUNTY CHILDREN'S ADVOCACY CENTER TO PLAINTIFFS' SUBPOENA

Now comes non-party subpoena respondents Assistant State's Attorney ("ASA") Brenda Karales, Kendall County State's Attorney, and Kendall County Child Advocacy Center ("Respondents"), by and through their attorney, Eric Weis in his official capacity as State's Attorney, and provides the following response to the subpoena issued by Plaintiffs on November 10, 2020 ("Subpoena"). See document R. 97-1. In support thereof, the Respondents state as follows:

## LEGAL STANDARD

Pursuant to subsection "E" of Federal Rule of Civil Procedure 45, Respondents may withhold subpoenaed information under a claim that it is privileged or subject to

protection as trial-preparation material. Fed. R. Civ. P. 45 (E)(2)(A). The Respondent must (i) expressly make the claim, and (2) describe the nature of the withheld document[] . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Id.* Attorney work-product is generally prohibited from disclosure unless the requesting party established a "substantial need" for the material, and demonstrates the inability to obtain equivalent information without "undue hardship." *Sandra T.E. v. S. Berwyn Sch. Dist.*, 600 F.3d. 612, 622 (7th Cir. 2009) (Citing Fed. R. Civ. P. 26(b)(3)(A)(ii)).

<u>ARGUMENT</u>

I. **AGREEMENT CONSENTING TO THE MATERIAL DISCLOSED AND THE SUBSEQUENT PROTECTION THEREOF.**

1. As of January 15, 2021, Respondents have provided Plaintiffs copies of all responsive documents in their possession and responsive to the Subpoena excepting one single page, which will be discussed below. Other Kendall County Government Offices have provided documents in response to subpoenas in this matter as well.

2. Recognizing the sensitive nature of the material disclosed and the statutory limitations on the disclosure of some of the material previously provided to the Parties, the Parties have agreed to the entry of a Consent and Confidentiality Order, attached as exhibit A. This order is intended to memorialize consent of the parties as to the disclosures made and the agreement that all disclosed material will remain confidential to the greatest extend feasible, while still allowing the parties to

pursue and defend the current action, and that all subsequent disclosure will be made in compliance with requisite protections under the laws of the State of Illinois.

II. **THE REMAINING WITHHELD DOCUMENT CONSTITUTES ATTORNEY WORK PRODUCT AND PLAINTIFFS DO NOT HAVE A SUBSTANTIAL NEED FOR THIS DOCUMENT, NOR CAN THEY DEMONSTRATE THE EQUIVALENT INFORMATION CANNOT BE OBTAINED WITHOUT UNDUE BURDEN**

3. The single withheld page contains attorney work product and is therefore protected from disclosure absent a showing from the requesting party that it has a substantial need for the material and the party would be unable to obtain the equivalent information, absent undue hardship *Sandra T.E. v. S. Berwyn Sch. Dist.,* 600 F.3d. 612, 622 (7th Cir. 2009) (Citing Fed. R. Civ. P. 26(b)(3)(A)(ii)). See Privilege Log, attached as Exhibit B.

4. The work product doctrine protects "documents and tangible things . . . prepared in anticipation of litigation or for trial." *Hollinger Int'l Inc. v. Holinger Inc.,* 230 F.R.D. 508, 511 (N.D. Ill. 2005) (quoting Fed. R. Civ P. 26(b)(3)). While the doctrine protects both factual and opinion work product, heightened protection is applied to opinion work product which includes the attorneys "mental impressions, conclusions, or legal theories." *Id.* Disclosure of notes relating to witness interviews is "particularly discouraged" because they are likely to reveal the attorney's thought process. *Sandra T.E.,* 600 F.3d. at 622 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 398-99). This withheld document is opinion work product in that it contains the mental impressions and conclusions of ASA Karales as she observed the Victim

Sensitive Interview ("VSI"), conducted at the Kendall County Children's Advocacy Center on July 9, 2018, in anticipation of potential, subsequent criminal proceedings.

### A. The Plaintiff does not have a substantial need for the material contained in the document protected by the doctrine of attorney work product.

5. It is unlikely the Plaintiff has a substantial need for this information. The information contained in the document is very limited, and ASA Karales's involvement in the matter was very limited, as well. Specifically, the document contains the "snap shot" mental impressions and conclusions of the ASA, Brenda Karales, as she observed the VSI. Ms. Karales had no subsequent involvement in this matter and her only prior involvement was to schedule the VSI.

6. Further, it does not appear the contemporaneous mental impressions or conclusions of ASA Karales are at issue or of any relevance to this case. The information was not shared outside of the Kendall County State's Attorney's Office, and no decisions were made or action taken as a result of these mental impressions and conclusions.

7. While the document contains statistical information for internal Children's Advocacy Center record keeping, that statistical information is readily available and known to the Plaintiff. The information consists of the gender, age, and race of the minor child, as well as the police agency involved.

8. Because there is no substantial need for this information the Court should uphold the protection of this material as attorney work product prohibited from disclosure. If, however, the Court finds the Plaintiffs do have a substantial

interest in this material, the Court should then look at whether the plaintiff is unable to discover the information through other means without undue hardship.

      *B. Plaintiffs is unable to demonstrate the information contained in the document cannot be discovered through other means without undue hardship.*

9.     As of the date of this filing, the Plaintiffs have all material available to the ASA Karales at the time she observed the VSI, including a complete copy of the VSI itself. While ASA Karales is very experienced and good at her job, she is not formally recognized as an expert in the assessment of VSIs. There is no reason her mental impressions and conclusions should be considered substantially different from the mental impressions or conclusions of an experienced attorney, such as the Plaintiffs attorney and the Defendants attorney, when present with the same information.

10.    Further, as noted above, the statistical information contained in the document is all information currently known to all parties, including the gender, age, and race of the minor child, as well as the police agency involved. As this information is already available to Plaintiffs, it can clearly be easily obtained through other means.

## CONCLUSION

This document would be of limited, if any, value to the Plaintiffs. There is very little information within the document; much of the information is already known to the Plaintiffs; the Plaintiffs have the material available to them to review and form

all the same mental impressions and conclusions; the thought processes and conduct of ASA Karales are not at issue or of relevance to this case; and the harm and chilling effect disclosure of ASA's VSI notes could have on the ability of ASAs to be candid in their note taking is of great concern, considering the sensitive nature of these interviews. Therefore, Respondents ask that this Court uphold the attorney work product privilege as applied to this document, and allow Respondents to withhold this single page of notes.

DATED: January 15, 2021.

Kendall County State's Attorney's Office
807 West John Street
Yorkville, Illinois 60560
Telephone: 630-553-4157
Fax: 630-553-4204
SAOfilings@co.kendall.il.us

Respectfully submitted on behalf of Respondents by,
Eric C. Weis, State's Attorney
Kendall County, Illinois

    S/ James A. Webb
James A. Webb
Assistant State's Attorney
Kendall County, Illinois